UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CASE NO. 1:11CR91 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| **ARTHUR EZELL, JR.,** | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is Defendant Arthur Ezell, Jr.'s ("Defendant")'s Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2). (Doc. No. 695.) The United States of America ("the Government") responded in opposition to Defendant's motion. (Doc. No. 696.) For the reasons set forth below, Defendant's motion is **DENIED**.

Defendant moves this Court to reduce his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA") and 18 U.S.C. § 3582(c)(2), Amendment 750 to U.S.S.G. § 2D1.1 of the U.S. Sentencing Guidelines Manual, and the U.S. Sentencing Commission's decision to retroactively apply Amendment 750 to certain offense levels for the illegal possession of crack cocaine. Defendant, however, has already received the benefit of Amendment 750 and, therefore, is not entitled to a sentence reduction because his sentence was based on the amended crack cocaine levels established under the FSA.

The FSA became effective on August 3, 2010, altering the statutory penalties applicable to crack cocaine offenses. Notably, the Act increased the quantities of crack cocaine subject to mandatory minimum penalties of five or ten year's imprisonment, absent any prior felony, drug offense convictions. The FSA also directed the Sentencing Commission to

promulgate, within 90 days, amendments to the Sentencing Guidelines reflecting the statutory changes. Subsequently, on October 21, 2010, the Sentencing Commission adopted a temporary emergency amendment, Amendment 748, which, in part, lowered the offense levels for crack cocaine offenses stated in § 2D1.1 for various quantities of crack cocaine. That emergency amendment became effective November 1, 2010. On June 30, 2011, the Sentencing Commission re-promulgated Amendment 748 as a permanent amendment, Amendment 750, which became effective November 1, 2011.

On July 29, 2011, Defendant pled guilty to one count of conspiracy to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 (Count 1). On October 14, 2011, the Court imposed a sentence of 24 months imprisonment. (Doc. No. 598.) Amendment 748 became effective almost a year earlier and was applied by the Court. Consequently, Defendant is not eligible for a sentence reduction under Amendment 750, which, as explained above, simply made permanent the changes made by Amendment 748.

Accordingly, Defendant's motion to modify his sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 8, 2012

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**